| | |
|---|---|
| CYNTHIA ZOLANDZ, Individually and on Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>vs.<br><br>NORTHSTAR LOCATION SERVICES, LLC,<br><br>             Defendant. | Case No.: 16-cv-17<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.      This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2.      The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3.      Plaintiff Cynthia Zolandz is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.      Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes.

5.      Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that Plaintiff engaged in a consumer transaction.

6.      Defendant Northstar Location Services, LLC ("Northstar") is a limited liability company with its principal place of business located at 4285 Genesee St., Cheektowaga, NY 14225.

7.      Northstar is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8.      Northstar is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Northstar is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

9.      On or after January 2, 2015, Northstar mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "BARCLAYS BANK DELAWARE/BARCLAYCARD ASPIRING PRIME" ("Barclays"). A copy of this letter is attached to this Complaint as Exhibit A. Plaintiff did not receive Exhibit A until January 6, 2015, at the earliest.

10.     Exhibit A is attempting to collect an alleged debt with an Account Number ending in 3274.

11.     The account was a personal credit card used only for personal, family or household purposes.

12.     Purchases allegedly made using Plaintiff's credit card were "consumer credit transactions" under the WCA. Wis. Stat. §§ 421.301(10).

13.     Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

14.     Exhibit A threatens litigation against Plaintiff.

15.     Specifically, Exhibit A says the alleged debt is in a "pre-legal status," and further states:

> The above account has been referred to our office by BARCLAYS BANK DELAWARE in a pre-legal status. Please be advised that our collection efforts are the last step before this account will be closed and returned to BARCLAYS BANK DELAWARE, who will forward the account to an attorney network. Your account is listed as delinquent with a total amount due of $3,927.91.

16.     Exhibit A specifically threatens that "our collection efforts are the last step before this account will be closed and returned to BARCLAYS BANK DELAWARE, who will forward the account to an attorney network."

17.     An unsophisticated consumer would understand that Exhibit A threatens a lawsuit, and/or implies that legal action will be taken.

18.     Debt collection letters that falsely "communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made," violate the FDCPA. 15 U.S.C. § 1692e(5); *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1136 (N.D. Ill. 1998); *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 24-26 (2d Cir. 1989).

19.     Even indirect or oblique threats give rise to liability, provided they indicate that "legal action is underway or contemplated in the near future." *Jenkins*, 999 F. Supp. At 1136.

20.     The unsophisticated consumer would interpret the "pre-legal status" and the claim that "our collection efforts are the last step before this account will be closed and returned to BARCLAYS BANK DELAWARE, who will forward the account to an attorney network" language and the threat that the account is on a litigation track.

21.     Upon information and belief, Northstar has no input in, or inside information into, Barclay's business practices with respect to which accounts are referred for litigation.

22.     Barclay's is a British multinational banking and financial services company headquartered in London. https://en.wikipedia.org/wiki/Barclays. It is a universal bank with operations in retail, wholesale and investment banking, as well as wealth management, mortgage lending and credit cards. *Id.* It has operations in over 50 countries and territories and has around

3

48 million customers. *Id.* As of December 31, 2011, Barclays had total assets of US $2.42 trillion, the seventh-largest of any bank worldwide. *Id.*

23.     Northstar had no basis to assert that Barclays would bring suit against Plaintiff. The threat of litigation in Northstar's letter is false and misleading and exists only to unfairly scare consumers.

24.     In fact, Plaintiff's account was not forwarded to an attorney network.

25.     On or about April 6, 2015 and May 5, 2015, NCB Management Service, Incorporated, a non-attorney debt collector, mailed debt collection letters to Plaintiff regarding the same alleged debt owed "Barclays Bank Delaware" for an account ending in 3274.  Copies of these letters are attached to this Complaint as Exhibit B and Exhibit C.

26.     The Barclays account ending in 3274 was sent to another collection agency and was not referred to an attorney network, as Northstar claimed in Exhibit A.

27.     15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28.     15 U.S.C. § 1692e(5) specifically prohibits: "The threat to take any action that cannot legally be taken or that is not intended to be taken."

29.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

30.     15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

31.     Wis. Stat. § 427.104(1)(h) prohibits: "Engag[ing] in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer."

32.     Wis. Stat. § 427.104(1)(L) prohibits: "Threaten[ing] action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

4

## COUNT I – FDCPA

33.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

34.     Exhibit A falsely threatens a lawsuit against Plaintiff.

35.     Barclays did not intend to file a lawsuit against Plaintiff.

36.     Northstar had no knowledge of Barclay's litigation plans with respect to any class member's alleged debts, and thus had no basis to claim that the account was a "pre-legal" account that would be returned to Barclays and forwarded to an attorney.

37.     Northstar's conduct violates 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

## COUNT II – WCA

38.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

39.     Exhibit A threatens and implies legal action notwithstanding the fact that Northstar's collection efforts were not the "last step" before the account was closed and returned to Barclays, who would forward the letter to an attorney network.

40.     At the time Exhibit A was sent, Barclays had no intention of initiating such action, and Northstar had no inside information into Barclays litigation strategy.

41.     Such conduct violates Wis. Stat. §§ 427.104(1)(L) and 427.104(1)(h).

## COUNT III – WCA

42.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

43.     Northstar's letter falsely represented that Barclays would send the account to an attorney network if Plaintiff did not respond to Northstar's letter.

5

44.     Northstar's letter also falsely represented the Plaintiff's account as "pre-legal."

45.     In fact, Northstar had no knowledge of Barclay's litigation strategy and no basis to make those claims.

46.     Northstar violated Wis. Stat. § 427.104(1)(L).

## CLASS ALLEGATIONS

47.     Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter by Northstar in the form represented by Exhibit A (c) seeking to collect a debt for personal, family or household purposes, (d) on or after January 6, 2015, (e) that was not returned by the postal service.

48.     The Class is so numerous that joinder is impracticable.  Upon information and belief, there are more than 50 members of the Class.

49.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA and the WCA.

50.     Plaintiff's claims are typical of the claims of the Class members.  All are based on the same factual and legal theories.

51.     Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

52.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

53.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and

the Class and against Defendants for:

(a)      actual damages;

(b)      statutory damages;

(c)      attorneys' fees, litigation expenses and costs of suit; and

(d)      such other or further relief as the Court deems proper.

Dated:  January 6, 2016

**ADEMI & O'REILLY, LLP**

By:      /s/ John D. Blythin
         Shpetim Ademi (SBN 1026973)
         John D. Blythin (SBN 1046105)
         Mark A. Eldridge (SBN 1089944)
         Denise L. Morris (SBN 1097911)
         3620 East Layton Avenue
         Cudahy, WI 53110
         (414) 482-8000
         (414) 482-8001 (fax)
         sademi@ademilaw.com
         jblythin@ademilaw.com
         meldridge@ademilaw.com
         dmorris@ademilaw.com

7